UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| James Anthony Kroger, | Civ. No. 25-1988 (JWB/DJF) |
| Petitioner, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |
| Pam Bondi, *Attorney General*, | |
| Respondent. | |

---

James Anthony Kroger, pro se Petitioner.

Ana H. Voss, Esq., United States Attorney's Office, counsel for Respondent.

On May 12, 2025, United States Magistrate Judge Dulce J. Foster issued a Report and Recommendation ("R&R") in the above-captioned matter. (Doc. No. 4.) Petitioner James Anthony Kroger timely filed two documents objecting to the R&R and a motion for remand and hearing on his petition. (Doc. Nos. 5–7.) It appears that these three documents are identical. Kroger has also filed an addendum and an exhibit to his objections. (Doc. Nos. 8, 9.)

First, Kroger challenges several of Magistrate Judge Foster's characterizations of his allegations. (Doc. No. 7, Obj. at 2–3.) Next, Kroger claims that his request for relief is highly specific, and that federal habeas law provides for broader relief than is represented in the R&R. (*Id.* at 4.) Finally, Kroger asserts that the Bail Reform Act ("BRA") cannot provide a remedy and, therefore, a writ of habeas corpus is the only mechanism for the

protection of his constitutional rights. (*Id.* at 4–5.) For the reasons stated below, Kroger's objections are overruled, the R&R is accepted, Kroger's petition is dismissed without prejudice, and Kroger's motion for remand and hearing is denied as moot.

## ANALYSIS

### I. Standard of Review

District courts review the portions of an R&R to which a petitioner objects de novo and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). Any aspect of an R&R to which no objection is made is reviewed for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). Because Petitioner is pro se, his objections are entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### II. Analysis

Kroger first objects to two of the R&R's characterizations of his claims and request for relief: (1) that the Petition challenges his current detention and the federal prosecution against him and (2) that his writings were seized by federal agents without probable cause and then used to justify his detention. (R&R at 1–2; Obj. at 2–3.) According to Kroger, the Petition seeks immediate release from his current detention and any discussion of the federal prosecution against him is "ancillary." (Obj. at 2.) However, under "Requested Relief," Kroger's Petition requests "that the indictment against me be dismissed with prejudice" (Doc. No. 1 at 64), and his objection further suggests that the indictment could be dismissed for constitutional violations. (Obj. at 2.)

Kroger also asserts that, contrary to the R&R's characterization of his unconstitutional seizure claim, he was unreasonably seized, not his writings—which he claims he voluntarily provided to authorities. (Obj. at 3.) It appears that after the indictment issued and a search warrant was executed at his home, Kroger indeed sent his writings to witnesses, including federal agents and attorneys. *See United States v. Kroger*, No. 24-CR-0085 (DWF/DLM), Doc. No. 24 at 3 (D. Minn. Apr. 12, 2024). These writings were influential in the court entering an order of detention. *Id.* at 3–5. However, Kroger's Petition also states that his books, papers, and effects were "taken from me and misused without cause and without warrant" (Doc. No. 1 at 38) and that some of his writings were "seized by the FBI." (*id.* at 65.) That Kroger now claims in his objection that his academic writings "w[ere] not seized at all" is not well-taken. (Obj. at 3.) Regardless, as explained further below, any error in the characterization of this claim is inconsequential because Kroger is precluded from challenging ongoing criminal proceedings.

Kroger further objects to the R&R's observation that habeas corpus is available only to challenge the fact or duration of physical custody. (*See* R&R at 2.) He argues that habeas corpus has a broad mandate regarding the relief it can provide and may "dispose of the matter as law and justice require." (Obj. at 4.) He cites three cases to support his assertion that a habeas petition can address the many constitutional violations he alleges. (*Id.*) Although these cases do discuss the importance of avoiding a restrictive interpretation of the habeas corpus statute that would "hobble its effectiveness," their holdings are limited to analyses of the statute's requirement that a habeas corpus

3

petitioner is "in custody." *See Carafas v. LaVallee*, 391 U.S. 234, 238–39 (1968); *Jones v. Cunningham*, 371 U.S. 236, 239–40 (1963); *Hensley v. Mun. Court*, 411 U.S. 345, 349 (1973) ("The question presented for our decision is a narrow one: namely, whether the conditions imposed on petitioner as the price of his release constitute 'custody' as that term is used in the habeas corpus statute."). None of these cases stand for the proposition that this Court can intervene in Kroger's federal criminal proceedings by, for example, dismissing his indictment with prejudice, or consider claims which go to the conditions of his confinement, which are better suited to a § 1983 claim, not a habeas petition. *See Williams v. Hopkins*, 130 F.3d 333, 335 (8th Cir. 1997).

Ultimately, Kroger's habeas corpus petition is an improper vehicle by which to challenge proceedings in an ongoing federal criminal action. *See Broussard v. United States*, No. 21-cv-2484 (SRN/LIB), 2021 WL 5868719, at *1 (D. Minn. Nov. 18, 2021); *see also Varner v. U.S.*, No. 10-cv-4738 (ADM/FLN), 2010 WL 5692097, at *1–2 (D. Minn. Dec. 1, 2010) (listing cases), *report and recommendation adopted*, 2011 WL 381135 (D. Minn. Feb. 1, 2011). And as courts in the Eighth Circuit consistently hold, courts do not have the subject matter jurisdiction to issue a writ where a petition for habeas corpus does not challenge the validity of the conviction or length of detention. *See, e.g.*, *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996).

Kroger next objects to the R&R's statement that the BRA "provides a complete process for contesting federal pretrial detention" (R&R at 3), citing the Tenth Circuit case *Walck v. Edmondson*, 472 F.3d 1227 (10th Cir. 2007). (Obj. at 4). That case, however, concerned whether federal intervention was appropriate in a state criminal proceeding.

4

*See Walck*, 472 F.3d at 1232. Kroger cannot refute that, at the end of the day, it is well-established that a court should refrain from interfering in the regular judicial procedure in criminal cases and habeas corpus should not be granted prior to trial. *See Jones v. Perkins*, 245 U.S. 390, 391–92 (1918).

In his objections to the May 12, 2025 R&R, Kroger challenges the characterizations of his claims and the interpretation of the habeas corpus statute and BRA. However, after carefully reviewing these portions of the R&R de novo and all other portions of the R&R not specifically objected to, the R&R is neither clearly erroneous nor contrary to law. Based on that review, and in consideration of the applicable law, the R&R is accepted.

## ORDER

Based on the foregoing, and the files, records, and proceedings in this case, **IT IS HEREBY ORDERED** that:

1. Petitioner James Anthony Kroger's Objections to the May 12, 2025 Report and Recommendation (Doc. Nos. 5, 6, 7) are **OVERRULED**;

2. The May 12, 2025 Report and Recommendation (Doc. No. 4) is **ACCEPTED**;

3. Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. No. 1) is **DENIED**;

4. Petitioner's Motion for Remand to Magistrate and Hearing on Petition for Writ of Habeas Corpus (Doc. No. 6) is **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: July 8, 2025
                                                    *s/ Jerry W. Blackwell*
                                                    JERRY W. BLACKWELL
                                                    United States District Judge